Andrew Fels
*Al Otro Lado*
3214 Fountain Park Blvd.
Knoxville, TN 37917
(865)-567-4881
andrew@alotrolado.com


Date: September 17, 2025


Office of the General Counsel
Attn: FOIA Service Center
Executive Office for Immigration Review
5107 Leesburg Pike, Suite 2150
Falls Church, VA 22041
EOIR.FOIARequests@usdoj.gov

Dear FOIA Officer:

My name is Andrew Fels. I am a staff attorney for the nonprofit immigration legal services corporation Al Otro Lado. As part of its mission to serve the immigrant community, Al Otro Lado represents detained immigrants before immigration courts.

This letter notifies Executive Office for Immigration Review ("EOIR") that, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(1) and (a)(2), it has failed to make a required proactive disclosure of agency records.

Under § 552(a)(1), an agency must publish certain records in the Federal Register. These records include:

> (B) statements of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal and informal procedures available;

> (C) rules of procedure, descriptions of forms available or the places at which forms may be obtained, and instructions as to the scope and contents of all papers, reports, or examinations;

> (D) substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency.

Similarly, § 552(a)(2) requires that an agency publish in its online FOIA reading room:

> (A) final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases;

(B) those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register;

(C) administrative staff manuals and instructions to staff that affect a member of the public.

. . .

(E) . . . Each agency shall also maintain and make available for public inspection in an electronic format current indexes providing identifying information for the public as to any matter issued, adopted, or promulgated after July 4, 1967, and required by this paragraph to be made available or published. Each agency shall promptly publish, quarterly or more frequently, and distribute (by sale or otherwise) copies of each index

### First proactive disclosure violation: Standing immigration court orders

EOIR has failed to make publicly available its standing immigration court orders.

Immigration courts may issue standing orders governing either an entire immigration court or proceedings before an individual immigration judge. Per the EOIR website, "Immigration Judges may issue standing orders regarding practice and procedure for cases assigned to them. Assistant Chief Immigration Judges may issue standing orders that apply to an entire immigration court." *See* 8 C.F.R. § 1003.40 (authorizing an immigration court to "establish local operating procedures" by written concurrence of a majority of local judges and written approval by the chief immigration judge; PM 20-09, The Immigration Court Practice Manual and Orders (Feb. 13, 2020) (describing immigration court standing orders).

Per EOIR Procedural Memoranda 20-09,"[t]o ensure transparency, EOIR will make publicly available any local operating procedures" and "standing orders by individual immigration judges" by "plac[ing them] on EOIR's website and incorporate[ing] into the ICPM."

EOIR's website does not in fact have a collection of standing orders for individual immigration courts or immigration judges. Instead, users are directed to select the website of an individual immigration court in order to view that court's standing orders.[1] Those immigration court websites do not contain standing orders. For example, the El Paso immigration court's website is entirely devoid of standing orders.[2]

The most recent Immigration Court Practice Manual posted on EOIR's website, dated 2020, collates extant standing orders in Appendix R.[3] Appendix R is a 209-page pdf with a publication date of August 27, 2020.[4]

---

[1] https://www.justice.gov/eoir/immigration-court-operational-status
[2] https://www.justice.gov/eoir/el-paso-immigration-courts
[3] https://www.justice.gov/eoir/foialibrary/icpm01122021/dl, p. 237.
[4] https://www.justice.gov/eoir/page/file/1268061/dl?inline=

The current EOIR Appendix website does not list an Appendix R,[5] nor does the EOIR Appendix change log note that Appendix R was deleted.[6]

### Second proactive disclosure violation: Chief Immigration Judge Policies and Orders

EOIR has failed to make public its Chief Immigration Judge's policies and orders.

Under 8 CFR § 1003.9(b)(1), the Chief Immigration Judge may "[i]ssue operational instructions and policy, including procedural instructions regarding the implementation of new statutory or regulatory authorities."

EOIR's website, including its online FOIA reading room, does not contain a complete public archive of operational instructions and policies issued by the Chief Immigration Judge. For example, EOIR's Operating Policies and Procedures Memoranda website contains only three memorandums over the span of the past decade.[7]

### FOIA requires that standing orders and Chief Immigration Judge orders and policies must, at minimum, be published on EOIR's online FOIA reading room.

Both records must be proactively disclosed on an ongoing basis. Until the records are disclosed, it is unclear whether the records should be published in the online FOIA reading room or whether they must in fact be published in the Federal Register. However, at minimum, both sets of records must be published in the EOIR online FOIA reading room.[8] Both sets of records are orders made in a final agency adjudication under §552(a)(2)(A) and policies under § 552(a)(2)(B). Only once the records have been made public can it be determined whether they should in fact be published in the Federal Register.

### FOIA notifications under § 552(a)(1) and (a)(2) do not require an initial administrative review before a district court may assume jurisdiction.

FOIA's proactive disclosure requirements were created by Congress. Thus, there is no need for an initial FOIA request and administrative review in the manner required for an (a)(3) reactive FOIA disclosure pursuant to a request. *See, e.g., Al Otro Lado, Inc. v. Immigration And Customs Enforcement*, 1:23-cv-01525, (D.D.C. Dec. 19, 2023) (minute order recognizing that an (a)(2) lawsuit does not require an initial FOIA request under (a)(3)) (quoting *Citizens for Responsibility & Ethics in Wash. v. DOJ*, 846 F.3d 1235, 1240 (D.C. Cir. 2017) ("[A] plaintiff may bring an action under FOIA to enforce the reading-room provision, and may do so without first making a request for specific records under section 552(a)(3).").

The need for these records is both great and pressing. However, in the interest of a swift and amicable resolution, I ask that you contact me within seven business days of receiving this letter. A failure to make contact during that time period indicates that EOIR will not publish the records without litigation. You may contact me at the email address and phone number below.

Sincerely,

---

[5] https://www.justice.gov/eoir/eoir-policy-manual/appendices
[6] https://www.justice.gov/eoir/eoir-policy-manual/appendices-table-of-changes
[7] https://www.justice.gov/eoir/eoir-policy-manual/memoranda-oppm
[8] https://www.justice.gov/eoir/foia-library-0

*Andrew Fels*

Andrew Fels
*Al Otro Lado*
3214 Fountain Park Blvd.
Knoxville, TN 37917
(865)-567-4881
andrew@alotrolado.com